## MANLY'S APPEAL.

Where a judgment creditor sought to compel a man to pay for a property he had bought at Sheriff's sale, as agent for the judgment creditor, an injunction will lie to prevent the judgment creditor from taking the money out of Court until the controversy is determined.

The money will be held in such case, even though answer and affidavits are filed, which in ordinary cases would suffice to dissolve the injunction.

Appeal from Common Pleas of Bradford County. In Equity. No. 329 January Term, 1882.

Eleazer Pomeroy filed a bill in equity against R. M. and D. R. Manly, setting forth: That said Manlys had judgments against Charles Stockwell, who was R. M. Manly's father-in-law; that Manlys wished Stockwell's property sold out by the Sheriff, without it being known that they did it, and made an arrangement by which D. R. Manly's judgment was to be transferred to Pomeroy, and execution should be thereupon issued and the property sold, and bought in for Manlys, and Pomeroy was to be held harmless. That the property was sold and bought by said Pomeroy, in pursuance of said agreement. That an auditor was appointed, and awarded to R. M. Manly $3,(25.80 out of the proceeds of sale. That in violation of the agreement, Manlys have sought to compel Pomeroy to pay them this $3,025.80 by having a rule upon the Sheriff to pay the money into Court made absolute, and then taking a

rule to show cause why the money should not be paid to them. That complainant has tendered a deed for the Stockwell property he bought. The bill prayed for an injunction to prevent Manly from taking out of Court the $3,025.80, and that Pomeroy should be permitted to take it out of Court. It further prayed that Manly's should pay to Pomeroy the sum of $1,169.04 expended by him. The Court granted a preliminary injunction, which was afterwards continued on February 6, 1882, in the following opinion, per

MORROW, P. J.:

The injunction granted Dec. 16, 1881, prevents the defendants from taking out of Court $3,025.80. It is claimed by Eleazer Pomeroy on the agreement contained in his bill, which the defendants fraudulently refuse to perform. The defendants do not demur, but claim the bill shows no case and, second, their affidavits are full denials, and the injunction ought to be dissolved. Without expressing any opinion of the merits of the case, we thought, and still think, the plaintiff was entitled to the injunction upon the bill and affidavits since filed. It is true the affidavits of the defendants are denials of the material allegations in the bill and in ordinary cases would operate to dissolve the injunction. But the contest is now over money in Court. It is claimed by both parties and we think there is sufficient in the record to warrant the Court in retaining it until it is determined to whom it belongs. Let a proper decree be drawn, continuing the injunction.

---

Manlys then appealed to the Supreme Court.

*Messrs. Peck and Overton and Williams, Angle and Buffington*, for appellants, cited Butler vs. Farr, 1 W. N. C., 11 ; DeKalb vs. Gindele, 1 W. N. C., 79 ; Dull vs. Holl, 1 Phila., 258 ; Doolittle vs. Barnitz, 1 Phila., 574 ; Grey vs. Ohio & Penna. R. R. Co., 1 Grant, 412 ; Harkinson's Appeal, 78 Pa., 196 ; Mammoth Vein Co.'s Appeal, 54 Pa., 184 ; Pusey vs. Wright, 31 Pa., 387 ; Brown's Appeal, 62 Pa., 17 ; Rhodes vs. Dunbar, 57 Pa., 274. Plaintiffs bill seeks to enforce an alleged verbal contract to purchase land, and is not enforceable ; Meason vs.

Kaine, 63 Pa., 335; Fox vs. Heffner, 1 W. & S., 372; Kellum vs. Smith, 33 Pa., 158; Hogg vs. Wilkins, 1 Gr., 67.

*Messrs. Parsons, Rockwell, Davies and Hall,* for appellee, cited Kirkpatrick vs. McDonald, 11 Pa., 387; Gibblehouse vs. Strong, 3 R., 437; Wolf vs. Eichelberger, 2 P. & W., 346; Jackman vs. Ringland, 4 W. & S., 149; Hampton's Appeal, 17 S. & R., 144; German vs. Gabbald, 3 Binn, 302; Grey vs. Ohio & Penna. R. R. Co., 1 Gr., 412.

The Supreme Court affirmed the decree of the Common Pleas on March 27th, 1882, in the following opinion,

Per Curiam:

This being an appeal from a decree granting a preliminary injunction according to our uniform practice, we give no opinion upon the merits.

> Decree affirmed and appeal dismissed at the costs of the appellant.